UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA NIPPER, an individual

    Plaintiff,

v.                             Case No: 8:10-cv-00498-VMC-EAJ

LAKELAND HOTEL INVESTORS
LIMITED, a Florida limited liability
company,

    Defendant.
_____/

**PLAINTIFF'S MOTION REQUESTING LIMITED DISCOVERY
PRIOR TO MEDIATION BEFORE THE FEDERAL MAGISTRATE**

**I.    MOTION**

Plaintiff, PATRICIA NIPPER ("Plaintiff"), by and through her undersigned attorneys, hereby moves the Court for limited discovery prior to the initiation of further mediation efforts. The settlement conference was held May 13, 2010, and settlement efforts truly failed. However, the failure, in large measure, was the result of Defendant's refusal to consider as relevant its records of Plaintiff's hours worked. Accordingly, Plaintiff requests that limited discovery be permitted on this subject prior to the scheduling of any additional mediation effort before the Federal Magistrate. The reason for this request is stated below.

*Pursuant to the Local Rules of this Court, Plaintiff's counsel certifies that he conferred in good faith with Defense counsel regarding the instant Motion but the parties could not resolve their dispute.*

## II. MEMORANDUM IN SUPPORT

Pursuant to this Court's Scheduling Order (Doc. 9), Defendant produced time records of Plaintiff's hours worked in addition to records showing the compensation Defendant paid to Plaintiff each week. Following the production of the time records (a sampling of a week's worth of such records is attached as Exhibit A), and utilizing the records of compensation paid by Defendant to Plaintiff each week, Plaintiff's counsel was able to calculate the amount of overtime compensation due to her for each workweek by preparing an Excel Spreadsheet showing Plaintiff's unpaid minimum wage and overtime due for a two and three year period utilizing the hours identified in Defendant's records.

During the Settlement Conference ordered by this Court, Defense counsel advised that Defendant believed the time and attendance records showing Plaintiff's hours worked to be of no value because, he opined, they were inaccurate and therefore could not and would not be considered by Defendant in the discussion of this litigation or the settlement thereof. Undersigned counsel inquired as to the basis for Defendant's contention that its own records are inaccurate. Defense counsel advised that based on select entries showing as much as 20 hours worked in a 24 hour period, the time records as a whole "must be" incorrect.

Undersigned counsel proffers to the Court that Plaintiff will testify that she in fact worked the hours as represented on her time sheets. Further, because Defendant's position in this matter appears to be based on the unique contention that its *own* records of hours worked should be wholly disregarded, Plaintiff requests the opportunity to

conduct limited discovery into the evidentiary basis for that determination. For example, a review of the time records reveal that a fairly sophisticated[1] computer program was utilized to record Plaintiff's hours worked. Presumably, and limited discovery would confirm this, Defendant utilized the same program when recording hours worked for its other employees and paying such employees pursuant to those same records. If the evidence demonstrates that Defendant applied the same computer program to its other employees without questioning whether the program accurately recorded the hours worked of those employees, the suggestion that Defendant's computer system failed only with regard to Plaintiff lacks credibility. Conversely, if in fact the system was not relied upon in such fashion for the payment of employees, then Defendant's request that the records be ignored is due substantial consideration.

Therefore, and based on the foregoing, Plaintiff respectfully requests the following limited discovery.

> A. A maximum 90-minute deposition of Natasha Wyatt, a current employee of Defendant. As stated above, Ms. Wyatt is believed to have specific knowledge regarding the process by which employees clocked in and out of work and the correction/verification of hours worked reports on a weekly basis.
>
> B. A corporate representative deposition (*duces tecum*) regarding the following subjects:
>
>> 1. A detailed description of the time and attendance system/software utilized by Defendant that resulted in the records produced by Defendant in this litigation (regarding Plaintiff) and if and when such software was known to have inaccurately reported hours worked at

---

[1] For example, upon production of the Plaintiff's hours worked records, defense counsel advised that the computer records show not only hours worked, but even when Plaintiff clocked in or out, both before or after her scheduled hours of work.

3

Plaintiff's location of employment for any employee since 2007. In the event such inaccuracies occurred, provide a detailed account of the problem(s) that occurred, when they occurred, when they were corrected, if at all, and whether such problems continued (and if so, the same detail above for each incident). Plaintiff requests that Defendant produce any documents to corroborate the anticipated testimony referenced herein.

2. The process utilized by Defendant to collect hours worked data for its employees for each workweek, and the process by which employees were to correct inaccuracies, if any, regarding such data or otherwise verify the accuracy of such data. This inquiry would include when and how employees were to clock in/out of work each day.

3. Verification of whether the same time and attendance system that recorded Plaintiff's hours worked each week was utilized for other employees of Defendant employed at the same location for the same workweeks and if so, were such employees compensated each week based on the reports of hours worked generated by that system. If there is any circumstance where an employee would not be paid based on the hours reported utilizing the same time and attendance system, the witness should explain the details regarding such circumstance(s).

4. The factual basis for Defendant's contention that Plaintiff's records of hours worked are inaccurate.

The above limited discovery is not requested to increase litigation costs for either party. As indicated above, the Defendant's contention that its own records of hours worked is, to say the least, a position rarely taken in FLSA litigation. While Plaintiff appreciates the defense request that the stay on discovery remain in place to minimize the costs of litigation in this case, absent competent evidence to support the contention that

the time records should not be considered, mediation prior to the receipt of such evidence is far more likely to be a waste of resources than the discovery Plaintiff requests herein.

Respectfully submitted,

/s/ David S. Shankman
David S. Shankman
dshankman@shankmanleone.com
Florida Bar No.0940186
Megan E. Banister
Florida Bar No. 0047119
mbanister@shankmanleone.com
SHANKMAN LEONE, P.A.
609 East Jackson Street, Suite 100
Tampa, Florida 33602
Phone: (813) 223-1099; Fax: (813) 223-1055
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to: Paul A. Donnelly, Esq., and Jung Yoon, Esq., Donnelly & Gross, P.A., 2772 NW 43rd Street, Suite S, Gainesville, Florida 32606, on this 17th day of May, 2010

/s/ David S. Shankman
Attorney