```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

PATRICIA NIPPER,

        Plaintiff,
v.                                    Case No.  8:10-cv-498-T-33EAJ

LAKELAND HOTEL INVESTORS,
LIMITED,

        Defendant.
_____/

**ORDER**

This matter is before the Court pursuant to Plaintiff Patricia Nipper's Motion to Tax Attorneys' Fees and Costs (Doc. # 39), filed on October 28, 2010, and Defendant Lakeland Hotel Investors' response in opposition to the motion (Doc. # 42), which was filed on November 19, 2010.  Upon due consideration, the Court grants the motion in part and denies the motion in part.

**I.   Background**

Nipper filed her complaint against Lakeland Hotel Investors on February 23, 2010 (Doc. # 1) alleging, inter alia that Lakeland Hotel Investors failed to pay minimum wage and overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. 201, et seq.  On April 5, 2010, the Court entered its FLSA Scheduling Order (Doc. # 9), and in response, the parties requested a settlement conference before a United

States Magistrate Judge. (Doc. # 13). On June 7, 2010, the Court referred the parties to a settlement conference before Magistrate Judge Anthony E. Porcelli (Doc. # 20).

On July 23, 2010, Judge Porcelli reported that the parties reached a settlement. (Doc. # 29). Pursuant to the terms of the settlement, Lakeland Hotel Investors tendered two checks to Nipper: a check in the amount of $13,500.00, less applicable withholding taxes and FICA, in settlement of Nipper's wages claims, and a check in the amount of $13,500.00 in settlement of Nipper's liquidated damages. The Court entered an Order approving the FLSA settlement on October 8, 2010, and indicated that "the parties may file attorneys' fees motions within twenty days of the date of this Order." (Id. at 2).

## II. **Attorneys' Fees**

Counsel for Nipper filed a timely attorneys' fees motion on October 28, 2010, seeking fees in the amount of $22,898.00 and costs in the amount of $413.75. (Doc. # 39). Lakeland Hotel Investors filed a response in opposition to the motion asserting that counsel for Nipper "engaged in excessive and unnecessary work" and indicating that "[t]he reasonable fee

and cost here is zero." (Doc. # 42 at 1).[1]

This Court is duty-bound to scrutinize the attorneys' fees requested in this FLSA case as directed by the court in Silva v. Miller, 307 F. App'x 349 (11th Cir. 2009). There, the court explained:

> FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee.

Id. at 351-52 (internal citation omitted).

In this case, the Court finds it appropriate to approve the costs sought, which amount to $413.75, but to reduce the attorney's fees sought. Counsel for Nipper indicates that the following hours and rates should be approved by the Court: 61.2 hours at the rate of $340.00 per hour for David S. Shankman, Esq.; .9 hours at the rate of $225.00 for William Russell, Esq.; 5.5 hours at the rate of $175.00 for Megan Banister, Esq.; and 7.4 hours at the rate of $125.00 for Karen

---

[1] While the Court does not agree that the reasonable fee is "zero;" as will be discussed below, the Court does find that the fees claimed by Nipper's counsel are patently excessive in this case.

Wollitz, paralegal.

This Court is afforded broad discretion in addressing attorney's fees issues. See <u>Villano v. City of Boynton Beach</u>, 254 F.3d 1302, 1305 (11th Cir. 2001)("Ultimately, the computation of a fee award is necessarily an exercise of judgment because there is no precise rule or formula for making these determinations.")(internal citation omitted).

The fee applicant bears the burden of establishing entitlement to the hours requested as well as to the hourly rate. <u>Webb v. Bd. of Educ. of Dyer County</u>, 471 U.S. 234, 242 (1985). Thus, the fee applicant must produce satisfactory evidence that the requested rate is within the prevailing market rate. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 433 (1983). Further, the fee applicant must support the number of hours worked. <u>Id.</u> If an attorney fails to carry his or her burden, the Court "is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees." <u>Norman v. Hous. Auth. of Montgomery</u>, 836 F.2d 1292, 1303 (11th Cir. 1988).

**A.   <u>Number of Hours Reasonably Expended</u>**

This Court must employ the lodestar approach. "The starting point in fashioning an award of attorneys' fees is to multiply the number of hours reasonably expended by a

reasonable hourly rate." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994). Here, the Court finds that the hours allegedly expended by Nipper's legal team were excessive.

As pointed out by counsel for Lakeland Hotel Investors, neither Nipper nor her counsel made a pre-suit demand for unpaid wages. (Doc. # 42 at 2). Rather, as supported by Shankman's fee ledger, Nipper met with Shankman on January 8, 2010, and after much research and client consultation, the complaint was filed on February 23, 2010. (Doc. # 39-2). Lakeland Hotel Investors admitted liability as to a number of the substantive allegations contained in the complaint. (Doc. # 10).

A review of the fee ledger filed by Nipper's counsel confirms Lakeland Hotel Investors' assertions. The Court determines that Shankman's failure to make a pre-suit demand was unjustified and that the complaint Shankman filed on behalf of Nipper was boilerplate in nature. Further, the Court determines that Shankman and his staff engaged in excessive and unnecessary billing practices. The Court excludes the following time entries as classified below.

### 1.   Pre-suit Client Consultations

The Court declines to award Shankman fees for the time entries below (1.3 hours).

> .7 (1/8/10) "Conference client regarding potential action under FLSA and details of job duties to determine same. Explanation of FLSA action and strategy to proceed." (Shankman)
>
> .6 (1/11/10) "Conference client regarding fee structure and decision to proceed with representation. Review fee arrangement with client and statement of client rights." (Shankman)

These client conferences prior to filing the complaint were excessive and unnecessary. This is especially so in light of the absence of any pres-suit demand for payment on Nipper's behalf.[2] Further, as noted by Lakeland Hotel Investors, most FLSA cases are taken on by attorneys on a contingency basis due to the statutory fee shifting provision, and many attorneys provide free initial consultations. Aptly stated by Lakeland Hotel Investors, "Plaintiff improperly seeks fees for initial consultation and fee arrangement

---

[2] In <u>Sahyers v. Prugh, Holliday, & Karatinos</u>, case no. 8:07-cv-52-T-30MAP, 2008 U.S. Dist. LEXIS 112849, at * 6 (M.D. Fla. Feb. 1, 2009), the court denied attorneys' fees and costs in a FLSA even though the plaintiff was a prevailing party, on the basis of counsel for the plaintiff's failure to make a pre-suit demand for unpaid wages. The court characterized the outcome as a "nuisance settlement" and ruled, "This Court refuses to reward unnecessary litigation." <u>Id.</u> at * 4-6. The Eleventh Circuit affirmed the district court's decision to deny attorneys' fees and costs. 560 F.3d 1241 (11th Cir. 2009). Under the circumstances of this case, the Court would be acting within its discretion to deny all fees and costs. Nevertheless, the Court exercises its discretion to allow fees and costs, albeit modified to bring the fee application into the bounds of reasonableness.

6

discussion[s] even though [Nipper] would not have been charged the same by her attorney." (Doc. # 42 at 7).

### 2. <u>Unnecessary and Redundant Legal Research</u>

In addition, the Court declines to award Shankman and his staff fees for the time entries below (16 hours).

> 3.1 (2/15/10) ". . . brief research regarding application of 3 year statute of limitations." (Shankman)[3]
>
> 4.3 (4/6/10) ". . . legal research re Defendant's Answer and attempt therein to apply FWW where base salary is below statutory minimum and hours worked are below minimum wage; implications of tip credit regarding same." (Shankman)
>
> .9 (4/14/10) "Legal research re Florida minimum wage from 2006 to present with cost of living adjustments." (Russell)
>
> 3.7 (4/29/10) "Legal research regarding application of tip credit to achieve the salary or minimum wage threshold for FWW status." (Banister)
>
> 1.8 (5/20/10) "Research regarding willful violations of the FLSA and application of three year statute of limitations as opposed to two year statute of limitations." (Banister)
>
> .8 (8/5/10) "Research regarding Defendant's proposed broad waiver and confidentiality language and propriety of same based on Middle District case law." (Shankman)
>
> 1.4 (8/11/10) "Finalize research regarding

---

[3] In each of his time entries related to legal research, Shankman has lumped compensable legal work with non-compensable research that was duplicated by Shankman's associates. Upon due consideration, the Court finds it appropriate to disallow such time entries as noted herein.

impropriety of confidentiality and broad waiver provisions." (Shankman)

These entries reflect excessive and unnecessary legal research as well as significant overlap between the various attorneys working on this simple FLSA case.

The Court finds the aforementioned hours allocated to legal research to be inappropriate, among other things, because no hearings were held in this case, no dispositive motions were filed, and the case remained pending for less than six months before a settlement was reached.  As noted in Peet v. C & S Building Maintenance, case no. 8:07-cv-1762-T-30TGW, 2008 U.S. Dist. LEXIS 30340, at *3 (Apr. 1, 2008), a case in which Shankman's fees were reduced by the court in a FLSA action, "This type of litigation is repetitive and form intensive."

### 3. Clerical and Other Non-legal Tasks

The FLSA's fee shifting provision does not include clerical tasks, such as entering information onto a spreadsheet.  Accordingly, the Court declines to award fees for the following non-legal tasks (18 hours):

> 2.9 (4/27/10) "Draft email to opposing counsel regarding verified summary and lack of documents or information regarding actual hours worked; review reply to same and documents attached thereto. Draft additional email regarding coding on documents and gaps in time records and time during

8

specific days worked." (Shankman)

1.9 (4/28/10) "Prepare spreadsheet formulas; enter several weeks of date to confirm formulas. Conference with paralegal to complete data entry." (Shankman)

7.4 (4/28/10) "Receipt and review of documents from opposing counsel; prepare spreadsheet of payroll information (Wollitz)

3.7 (4/29/10) "Additional analysis of data and revise formulas. . . ." (Shankman)

1.3 (4/30/10) "Review email and document attached thereto regarding missing time record; update spreadsheet. Review email from defense counsel regarding codes in time record reports and review documents regarding same." (Shankman)[4]

.8 (5/6/10) "Review additional docs from opposing counsel; enter additional data and revise numbers." (Shankman)

### 4. Time Spent Pursuing Unsuccessful and Unnecessary Arguments

The Court declines to award attorneys fees for Nipper's unsuccessful attempt to engage in discovery in this FLSA case. After the Court entered its FLSA Scheduling Order specifying that no discovery would be conducted (Doc. # 9), Nipper filed

---

[4] The Court recognizes that some entries in this category contain work that is arguably legal, such as "review email from defense counsel." However, as with his other entries, Shankman has failed to separate legal work from non-legal work, such as inputting data in a spreadsheet. The Court is not able to determine from these records what time was spent pursuing legal aims and what time was attributed to non-compensable clerical tasks. Therefore, such blended entries will not be awarded under the FLSA fee shifting provision.

9

a motion requesting discovery (Doc. # 14), which this Court denied (Doc. # 19). Therefore, the court declines to award Shankman the requested 2 hours of attorney time spent on May 17, 2010 and June 7, 2010, relating to the unsuccessful discovery motion.

### 5. Other Items

#### i. Drafting the Complaint

In addition to the entries which the Court has entirely disallowed above, the Court finds it appropriate to reduce certain time entries noted in Shankman's fee request. Shankman indicates that he spent 1.7 hours drafting the complaint. The complaint is a four-page boilerplate document that does not include detailed allegations. Due to Shankman's level of experience with FLSA cases, the Court determines that he has likely drafted many similar complaints, and 1 hour is an appropriate time allocation for drafting the complaint. Thus, the Court disallows .7 hours of the 1.7 hours claimed on February 23, 2010, for drafting the complaint.

#### ii. Extension Motion

Shankman contends that 2.2 hours were required to review Lakeland Hotel Investors' request for an extension of time to file an answer to the complaint (Doc. # 5), to review the Court's Order requesting Nipper's response to the extension

motion (Doc. # 6), and to draft a one page response to the motion (Doc. # 7) indicating Nipper's non-opposition to the motion. The Court determines that .5 hours is a reasonable allocation for Shankman's activities related to the extension motion. Therefore the Court disallows 1.7 hours in connection with the March 22, 2010, extension motion.

### iii. Responding to the Court's Interrogatories

Shankman claims that he spent 5.3 hours responding to the Court's interrogatories. Shankman's response to the Court's interrogatories is three pages in length, excluding the signature page. The Court determines that 1 hour is an appropriate time allocation for reviewing the Court's interrogatories and crafting a response thereto. Accordingly, the Court disallows 4.3 hours claimed with respect to the Court's interrogatories.

### iv. Mediation

Mediation is an important tool utilized in the dispute resolution process, and the Court encourages parties to fully prepare for mediation conferences in an earnest effort to resolve their differences. However, in the present case, the Court concludes that the hours claimed by Shankman for the mediation conference, 10.9 hours, is excessive. The Magistrate Judge's minutes (Doc. # 29) reflect that the

11

mediation conference lasted for approximately 4.5 hours. Thus, the Court reduces the time allocated to the mediation conference from 10.9 hours to 6 hours, excising 4.9 unnecessary hours from Shankman's fee ledger.

### v. Motion to Amend the Complaint

Shankman requests 1.5 hours for preparing a motion to amend the complaint after the case was successfully settled. It should be noted that the motion to amend was filed on September 23, 2010 (Doc. # 32), and withdrawn by Shankman on October 5, 2010. (Doc. # 37). The Court seriously doubts whether the motion to amend was necessary in this case, and upon due consideration, declines to award 1.2 of the hours requested. Due to the fact that the motion was ultimately withdrawn, the Court finds that only .3 hours should be allowed for the amendment motion. The Court has allowed compensation for the amendment motion only because Lakeland Hotel Investors has not objected to such time entries and because it could be argued that the amendment motion induced Lakeland Hotel Investors to fully comply with the terms of the settlement.

### vi. Motion for Attorneys' Fees and Costs

Shankman claims that 5.2 hours of attorney time was needed to prepare his motion for attorneys' fees and costs.

The Court determines that this amount is excessive. As a plaintiff's attorney, Shankman has undoubtedly filed numerous fee motions, and the present fee motion is nothing out of the ordinary. The Court determines that, of the 5.2 hours claimed for drafting the fee motion, only 1 hour should be allowed. Thus, the Court disallows 4.2 hours of those claimed regarding the fee motion.

### B. Reasonable Hourly Rates

Shankman filed a declaration indicating that he has been practicing labor and employment law for over 20 years, and his requested hourly rate is $340.00. He further indicates that Russell, an associate with five years of experience, seeks an hourly rate of $225.00; and Banister, an associate with three years of experience, seeks an hourly rate of $175.00. Last, Wollitz, a paralegal with 15 years of experience, seeks an hourly rate of $125.00.

As noted above, "The fee applicant bears the burden of establishing entitlement [to] hourly rates." Norman, 836 F.2d at 1303. The determination of the reasonableness of an attorney's fee lies in the sound discretion of the trial court. Id. at 1301. With respect to hourly rates, a fee applicant may produce direct evidence of rates charged under similar circumstances or opinion evidence rendered by an

expert. Id. at 1303. The Court is considered an expert as to the reasonable hourly rates in the relevant legal community. Id.

Here, Shankman, has failed to convince the Court that the requested hourly rates are reasonable. Shankman did not provide the Court with the report of an expert, and the only direct evidence Shankman tendered in support of his requested hourly rate is an order in a different case: White v. Subcontracting Concepts, Inc., case no. 8:08-cv-620-T-30TGW (M.D. Fla. Feb. 5, 2009), reducing Shankman's requested hourly rate from $385.00 to $325.00 (Doc. # 39-7). Shankman has provided no other independent evidence regarding the reasonableness of his rate as required by Norman, and Shankman failed entirely to support the rates requested for his associates and his paralegal. In addition, Shankman did not address several of the traditional factors relevant to attorneys' fees analysis, such as preclusion of other employment, difficulty of the work, complexity, novelty, the undesirability of the case, and other matters.

In determining that reduction of the hourly rates requested is necessary, the Court has given great consideration to the following well-known factors: the time and labor required, the novelty and difficulty of the

questions, and the preclusion of other employment by the attorneys due to the acceptance of the case.[5]  As noted, Shankman provided no analysis of these factors in his declaration or other submissions.  At the present moment, the Court is flooded by a deluge of FLSA cases.  These cases are not complex and, in this Court's opinion, are not labor-intensive.  These cases generally require little time in court (in the present case, no court time was required), and it is a rare FLSA case that presents novel or difficult questions for counsel or the Court.

   The Court's independent research of cases from the Middle District of Florida supports a reduction of the hourly rates for each individual working on Nipper's case as follows: $250.00 for Shankman; $145.00 for Russell; $112.00 for Banister; and $50.00 for Wollitz.  See, e.g., Ellison v. Legrande, case no. 8:08-cv-845-T-33TGW, 2009 U.S. Dist. LEXIS 14127 (M.D. Fla. Feb. 24, 2009)(in the context of a FLSA case, finding an attorney with five years of experience entitled to an hourly rate of $145.00 and an experienced paralegal

---

[5] The Court recognizes that the present Order does not address each and every one of the factors set forth in Johnson v. Ga. Highway Exp. Inc., 488 F.2d 714, 719 (5th Cir. 1974) and Norman in detail.  Nevertheless, the Court has given due consideration to each factor in reaching the decision to reduce the attorneys' fees sought.

entitled to an hourly rate of $50.00); Wilson v. DCF, case no. 3:02-cv-357-J-32TEM, 2007 U.S. Dist. LEXIS 26739, at *13 (M.D. Fla. Apr. 11, 2007)(finding an attorney admitted to practice in Florida in 1986 entitled to an hourly rate of $250.00, while a reasonable associate-level hourly rate was $150.00); Citibank v. Nat'l Arbitration Council, Inc., case no. 3:04-cv-1076-J-32MCR, 2007 U.S. Dist. LEXIS 30856, at *6 (M.D. Fla. Apr. 26, 2007)(approving the following hourly rates: supervising attorney with 30 years experience--rate of $238.00, senior associate--rate of $166.00, junior associate-rate of $112.00-$135.00).

### III. Conclusion

After eliminating hours unreasonably expended and reducing the hourly rates requested, the Court determines that the following will be awarded to Nipper's counsel: $5,175 in attorneys' fees and $413.75 in costs. The Court summaries its lodestar analysis as follows: the Court excluded all hours claimed by Russell, Banister, and Wollitz as unnecessary, redundant, repetitive, or non-legal in nature. The Court reduced Shankman's hourly rate to $250.00 and disallowed 40.5 hours of the 61.2 hours claimed by Shankman. 20.7 of Shankman's hours were deemed appropriately expended on this case, and multiplied by Shankman's appropriate rate of

16

$250.00, yields a fee of $5,175.00.

Accordingly, it is

**ORDERED ADJUDGED** and **DECREED** that**:**

Plaintiff Patricia Nipper's Motion to Tax Attorneys' Fees and Costs (Doc. # 39) is **GRANTED** in part and **DENIED** in part to the extent that Nipper's counsel is entitled to $5,175.00 in fees and $413.75 in costs.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of November 2010.

                                                VIRGINIA M. HERNANDEZ COVINGTON
                                                   UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record