UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA NIPPER,

        Plaintiff,

v.                                    Case No. 8:10-cv-498-T-33EAJ

LAKELAND HOTEL INVESTORS,
LIMITED,

        Defendant.
_____/

## ORDER

This matter is before the Court pursuant to Patricia Nipper's Motion for Reconsideration of Order Reducing Attorneys' Fees (Doc. # 45), which was filed on December 9, 2010. For the reasons that follow, this Court denies the Motion.

## Analysis

On November 30, 2010, this Court entered an Order granting in part and denying in part Nipper's Motion to Tax Attorneys' Fees and Costs in this FLSA case. (Doc. # 44). Therein, the Court awarded Nipper's attorney $5,175.00 in fees and $413.75 in costs.[1]   Nipper now moves the Court for

---

[1] Nipper's counsel requested attorney's fees in the amount of $22,898.00. The Court carefully examined the fee application and determined that $5,175.00, rather than $22,898.00, was the appropriate fee. In reaching this determination, among other things, the Court noted that no hearings were held in this case, no dispositive motions were filed, and the case remained pending for less than six months

reconsideration of the Court's fee Order.

As stated in <u>Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." <u>Lamar Adver. of Mobile, Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." <u>Fla. College of Osteopathic Med., Inc.</u>, 12 F. Supp. 2d at 1308. Further, as explained in <u>Ludwig v. Liberty Mutual Fire Ins. Co.</u>, Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005), "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead,

---

before a settlement was reached.

relitigates that which the Court previously found lacking." Id. at 9-10.  In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at 11. (citation omitted).

The Court has reviewed the reconsideration motion and determines that it is without merit.  Nipper has not identified new evidence, has not pointed to a change in controlling law, and has failed to show that reconsideration is needed to correct clear error or prevent manifest injustice.  The motion is an attempt to re-litigate the prior proceedings and, accordingly, is denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Patricia Nipper's Motion for Reconsideration of Order Reducing Attorneys' Fees (Doc. # 45) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of December 2010.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE


Copies to: All counsel of record

3